## IN THE COURT OF APPEALS OF IOWA

No. 13-0979
Filed November 26, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CALVON DESMOND MILES,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Cynthia Danielson, Judge.

Defendant appeals his convictions for possession of a controlled substance (marijuana) with intent to deliver and failure to affix a drug tax stamp. **AFFIRMED.**

Steven J. Swan of Swan Law Office, Keokuk, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Tyron Rogers, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Doyle, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

The defendant appeals his convictions for possession of a controlled substance (marijuana) with intent to deliver and failure to affix a drug tax stamp. We determine there is substantial evidence in the record to support a finding the defendant had actual possession of the marijuana prior to the time it was found on the shelf in a convenience store by an officer. We determine the district court did not abuse its discretion in sentencing defendant to a term in prison, rather than granting him a deferred judgment.

## I.     Background Facts & Proceedings

On September 9, 2012, shortly after 4:30 in the morning, officer Stevan Nelson of the Burlington Police Department walked into a convenience store. As he walked in, Nelson saw Calvon Miles walking towards him down the center aisle of the store. Nelson observed Miles's "eyes light up, if you will, get larger, as if in surprise." Miles started walking backwards, while still facing officer Nelson. The shelving in the convenience store was about four feet high, and over the top of the shelving Nelson saw Miles reach down with his left arm, as if he was removing something from his coat or jacket pocket. Nelson then saw Miles extend his left arm out towards the end of an aisle.

When officer Nelson came around the end of the aisle he saw a large plastic bag of marijuana on a shelf in the area where Miles had just been reaching. The bag did not have a drug tax stamp affixed. Miles was arrested. In a pat-down search four small buds of loose marijuana were found in his left front jacket pocket. Miles also had $488 in various denominations and a cell phone.

Laboratory testing confirmed the substances were marijuana. The plastic bag contained 51.31 grams of marijuana.

Miles was charged with possession of a controlled substance (marijuana) with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2011), and failure to affix a drug tax stamp, in violation of sections 453B.1 and 453B.12. A jury found Miles guilty of these offenses. He was sentenced to five years in prison on each count, to be served concurrently. Miles now appeals.

## II.     Sufficiency of the Evidence

Miles contends there is insufficient evidence in the record to support his conviction for possession of marijuana with intent to deliver. He points out that there were other people in the convenience store and states someone else could have placed the bag of marijuana on the store shelf.[1] He asserts there is insufficient evidence to show he had constructive possession of the marijuana.

We review claims challenging the sufficiency of the evidence in a criminal case for the correction of errors at law. *State v. Dalton*, 674 N.W.2d 111, 116 (Iowa 2004). We will uphold the jury's verdict when it is supported by substantial evidence. *State v. Hagedorn*, 679 N.W.2d 666, 668 (Iowa 2004). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We view the evidence in the light most favorable to the State, "including

[1] Miles also asserts an evidence log showed the State had a surveillance video that was never provided to him. Officer Nelson testified he filled out the paperwork for the video, expecting to receive it from the convenience store, but it was never provided to him.

legitimate inferences and presumptions that may fairly be deduced from the record evidence." *State v. Carter*, 696 N.W.2d 31, 36 (Iowa 2005).

In order to establish possession of a controlled substance, the State must prove a defendant "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). This may be established through actual possession or constructive possession. *Id.* The State claims this case involves actual possession, rather than constructive possession, of a controlled substance, and we agree.

The State may prove actual possession through direct or circumstantial evidence. *Id.* A defendant has actual possession of a controlled substance when it is found on his or her person or there is substantial evidence the controlled substance was on his or her person at some point in time. *Id.*; *see also State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010) ("Although the pseudoephedrine was not found on Vance's person at the time of the stop, substantial evidence supports the jury's finding that at one time Vance had actual possession of the pseudoephedrine with the intent to manufacture methamphetamine.").

We determine there is substantial evidence in the record to support a finding Miles had actual possession of the marijuana prior to the time it was found on the shelf in the convenience store by officer Nelson. There was evidence Miles appeared to be surprised when the officer walked into the convenience store. Officer Nelson testified he observed Miles reach down with

his left arm, as if he was removing something from his coat or jacket pocket. Nelson then saw Miles extend his left arm out towards the end of the aisle. When the officer looked on the shelf in the area where Miles had been reaching, he saw the bag of marijuana. Furthermore, the presence of marijuana buds in Miles's jacket pocket supports a finding he took the bag of marijuana out of his pocket, and thus, had the marijuana on his person. Based on the evidence presented, the jury could find Miles had possession of the marijuana, but took it out of his pocket and placed it on a shelf in the convenience store when he was surprised by the presence of the officer.

### III.    Sentencing

Miles claims the district court abused its discretion in sentencing him to prison. He points out that he was only twenty-two years old at the time he was sentenced and asserts the court should have granted him a deferred judgment. He states the prison sentence will hinder his efforts at rehabilitation.

Our review of a district court's sentencing decision is for the correction of errors at law. *State v. Hennings*, 791 N.W.2d 828, 833 (Iowa 2010). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* There is an abuse of discretion when the court's decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008).

The court considered Miles's age, his criminal record, his education, and his employment history. The court stated, "Defendant's criminal record is absolutely abysmal and would warrant no consideration of a deferred judgment

under any circumstances." The court also considered the fact that Miles had not been successful on probation in the past, stating, "He has never complied with many of the requirements of probation when given the opportunity to do so. He's never successfully completed probation." We determine the district court did not abuse its discretion in sentencing Miles to a term in prison, rather than granting him a deferred judgment.

We affirm Miles's convictions and sentences.

**AFFIRMED**.